OTTERBOURG, STEINDLER, HOUSTON
  & ROSEN, P.C.
Attorneys for Milliken & Company
230 Park Avenue
New York, New York
(212) 661-9100
Stanley L. Lane, Jr, (SL 8400)
Lloyd M. Green (LG 9140)



**07 CV 3175**

**JUDGE BAER**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MILLIKEN & COMPANY,

                 Plaintiff,                 07 Civ.

     - against -

TULLAHOMA INDUSTRIES, LLC,

                 Defendant.
------------------------------------------------------------x

## COMPLAINT

Plaintiff Milliken & Company ("Milliken"), by its attorneys, Otterbourg, Steindler, Houston & Rosen P.C., for its Complaint against defendant Tullahoma Industries, LLC ("TI") alleges as follows:

### JURISDICTION AND VENUE

1. The District Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that this matter involves a controversy exceeding the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

2. Venue is proper pursuant to 28 U.S.C. §1391(a).

## THE PARTIES

3.  At all material times hereinafter mentioned, Milliken was, and still is, a privately held corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Spartanburg, South Carolina, authorized to transact business in the State of New York, and maintaining an office and place of business in the City, County and State of New York.

4.  Upon information and belief, at all material times hereinafter mentioned, TI was, and still is, a limited liability company organized under the laws of Tennessee, with a place of business in Tullahoma, Tennessee.

## THE UNDERLYING TRANSACTIONS

5.  On or about July 8, 2006, Milliken, at the special instance and request of TI, sold to TI, and delivered pursuant to TI's instructions, goods, wares and merchandise, which TI accepted, at the total agreed price and reasonable value of $183,542.24, no part of which has been paid except $33,000 (the last $8,000 of which was paid to Milliken and credited to TI's account on or about March 2, 2007). As a result, the principal balance of $150,542.24 remains due and owing from TI to Milliken and has not been paid although duly demanded. A copy of the pertinent invoice is annexed hereto and incorporated herein as Exhibit "A".

6.  Pursuant to the agreements between the parties, and in accordance with the custom and usage of the trade, TI was to be assessed late payment charges if it failed to pay the invoices rendered by Milliken on account of the sales, deliveries and acceptances of the additional merchandise on or before the specified due dates thereof. As a consequence, the additional sum of $4,503.22 is now due and owing from TI to Milliken, no part of which has

been paid although duly demanded. A copy of Milliken's demand letter, dated March 19, 2007 is annexed hereto and incorporated herein as Exhibit "B".

7. On or about December 12, 2005, in consideration of Milliken selling or agreeing to sell goods to, or extending or agreeing to extend credit to TI, TI made, executed and delivered to Milliken in the City, County and State of New York, an agreement denominated as a "Corporate Guaranty", a copy of which is annexed hereto and incorporated herein as Exhibit "C".

8. TI's "Corporate Guaranty" provided, among other things, and in relevant part that:

>   A. TI consented to the non-exclusive jurisdiction of the United States District Court for the Southern District of New York, and waived "any objection based on venue or *forum non conveniens* . . . ." [¶7(b)].
>
>   B. TI waived personal service of the Summons and Complaint and consented to service by certified mail.
>
>   C. TI waived its right to a jury trial. [¶7(d)].
>
>   D. TI agreed to pay reasonable collection and counsel fees in any action instituted by Milliken in any proceeding brought for the collection of any monies owed by TI to Milliken. [¶1(a)(ii)].

### AS AND FOR MILLIKEN'S FIRST CLAIM

9. By reason of the foregoing, there is now due and owing from TI to Milliken the sum of $155,054.46, together with interest accrued and accruing, no part of which has been paid although duly demanded.

## AS AND FOR MILLIKEN'S SECOND CLAIM

10.  Milliken has incurred, and will, upon information and belief, incur in the future, legal fees in connection with this action to enforce TI's obligations, in the sum of not less than $30,000.00, the precise amount to be established following the determination of TI's liability.

11.  By reason of the foregoing, TI is liable to Milliken for its legal fees in prosecuting this action and enforcing its rights with respect to all amounts owed to Milliken by TI.

WHEREFORE, plaintiff demands judgment against defendant as follows:

On Milliken's First Claim - in the sum of $155,054.46, together with interest accrued and accruing; and

On the Milliken's Second Claim - in the sum of at least $30,000.00, the precise amount to be determined after trial, all together with the costs and disbursements of this action.

OTTERBOURG, STEINDLER, HOUSTON
& ROSEN, P.C.

By: _____
Lloyd M. Green (LG 9140)
Of Counsel
Attorneys for Plaintiff
230 Park Avenue
New York, New York 10169
(212) 661-9100

4

# Exhibit A

# INVOICE

**Milliken & Company**
Administrative Services Department M-105
920 Milliken Road P. O. Box 1926
Spartanburg, SC 29304-1926
Phone: 212-819-4200
SEE REMIT TO ADDRESS BELOW

R07Z018 CUST. SERV



| BUS | INVOICE NUMBER | DATE | PAGE |
|---|---|---|---|
| 191 | 648583 | 070806 | 1 |

INVOICE TYPE: BILL AND SHIP  01

**SOLD TO THE ACCOUNT OF**
TULLAHOMA INDUSTRIES, LLC
PO BOX 1925/1811 OLD ESTILL SPRINGS
TULLAHOMA TN 37388

**SHIP TO CONSIGNED DESTINATION**
MOUNT VERNON MILLS
A/C TULLAHOMA INDUSTRIES, LLC
91 4TH STREET
TRION GA 30753

ROUTING: SMITH & WATERS
DELIVERY POINT: JOHNSTON  SC

FIBER CONTENT: 52%NYLON 48%COTTON

CUSTOMER CODING/P.O.: PO 729
ORDER NUMBER: 020250 0
ORDER DATE: 013106

| STYLE | PAT | FIN | GRDE | TKT PLT NUMBER | PACKGE SEQ | LOT NUMBER | PUT-UP | # PC | NET YARDS | 1 8 | PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | CUST CODING NYCO RIPSTOP | | | | | | |
| 429003 | 3 | | 010 | 032823292 | 1 | 03 | 279 | 00 | 29120 | | 3280 | |
| | | | | 032823293 | 2 | | | 00 | 29430 | | 3280 | |
| | | | | 032823294 | 3 | | | 00 | 24970 | | 3280 | |
| | | | | 032823297 | 4 | | | 00 | 28960 | | 3280 | |
| | | | | 032823300 | 5 | | | 00 | 29470 | | 3280 | |
| | | | | 032823302 | 6 | | | 00 | 28940 | | 3280 | |
| | | | | 032823306 | 7 | | | 00 | 29380 | | 3280 | |
| | | | | 032823307 | 8 | | | 00 | 25700 | | 3280 | |
| | | | | 032823309 | 9 | | | 00 | 25000 | | 3280 | |
| | | | | 032823310 | 10 | | | 00 | 23060 | | 3280 | |
| | | | | 032823340 | 11 | | | 00 | 29300 | | 3280 | |
| SUB TOTAL | | | | | | | | | 303330 | | | 994922 4 |
| | | | | | | CUST CODING NYCO RIPSTOP | | | | | | |
| 429003 | 109 | | 010 | 032823299 | 12 | 03 | 279 | 00 | 27570 | | 3280 | |
| | | | | 032823301 | 13 | | | 00 | 29200 | | 3280 | |
| | | | | 032823303 | 14 | | | 00 | 28500 | | 3280 | |
| | | | | 032823304 | 15 | | | 00 | 29300 | | 3280 | |
| SUB TOTAL | | | | | | | | | 114570 | | | 375789 6 |
| | | | | | | CUST CODING NYCO RIPSTOP | | | | | | |
| 429003 | 203 | | 010 | 032823298 | 16 | 03 | 279 | 00 | 28000 | | 3280 | |
| | | | | 032823308 | 17 | | | 00 | 25340 | | 3280 | |
| | | | | 032823312 | 18 | | | 00 | 29630 | | 3280 | |
| | | | | 032823314 | 19 | | | 00 | 29510 | | 3280 | |
| | | | | 032823339 | 20 | | | 00 | 29200 | | 3280 | |
| SUB TOTAL | | | | | | | | | 141680 | | | 464710 4 |

TOTAL BILLED QTY.
TOTAL PACKAGES
SHIPPING WEIGHT
B/L NO. 186284

REMIT TO:
P. O. BOX 100503
ATLANTA, GA 30384

TERMS: NET 60 DAYS
PAYABLE IN U.S. DOLLARS FROM INVOICE DATE

TOTAL INVOICE AMOUNT: **CONTINUED**

| CUSTOMER NO. | BUS | PC1 | PC2 | | | TM | LOC. | DEPT. | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 009617000 | 003 | 19 | 12 | 03 | 258740 | 7 | 032 | 453710 | 000 | 09 | BETTY HOLCOMBE | 184 | XC | 110551926 |

R072014 CUST. SERV.

# INVOICE

**Milliken & Company** 
Administrative Services Department M-105
920 Milliken Road P. O. Box 1926
Spartanburg, SC 29304-1926
Phone: 212-819-4200
SEE REMIT TO ADDRESS BELOW

| BUS | INVOICE NUMBER | DATE | PAGE |
|---|---|---|---|
| 191 | 648583 | 070806 | 2 |

INVOICE TYPE: BILL AND SHIP  01

**SOLD TO THE ACCOUNT OF**
TULLAHOMA INDUSTRIES, LLC
PO BOX 1925/1811 OLD ESTILL SPRINGS
TULLAHOMA TN 37388

**SHIP TO CONSIGNED DESTINATION**
MOUNT VERNON MILLS
A/C TULLAHOMA INDUSTRIES, LLC
91 4TH STREET
TRION GA 30753

**ROUTING**
SMITH & WATERS

**DELIVERY POINT**
JOHNSTON                SC

**FIBER CONTENT**
52% NYLON 48% COTTON

**CUSTOMER CODING/P.O.** PO 729

**ORDER NUMBER** 020250 0
**ORDER DATE** 013106

| STYLE | PAT | PRODUCT I.D. FIN | GR DE | TKT PLT | PACKGE NUMBER | PKG SEQ | LOT NUMBER | PUT-UP | # PC | NET YARDS | PRICE | AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|

PRODUCT STATUS           ORIGINAL     TOTAL      FREIGHT STATUS: PREPAID-3RD
                                      BILLED     THIS
429003    3          010    165,000   55,958     SHIPMENT    BALANCE
                                                 55,958      109,042

SALESPERSON - WILLIAM GAFFNEY

```
****  8.3% ANTICIPATION PER ANNUM AS ALLOWED BY TERMS BELOW.        ****
****  BUYER SHALL PAY SERVICE CHARGES ON OVERDUE BILLS AT THE RATE OF ****
****  10.3% PER ANNUM, SAID AMOUNT NOT TO EXCEED THAT ALLOWABLE BY   ****
****  APPLICABLE LAW.                                                ****
```

| TOTAL BILLED QTY. | 55,958 |
|---|---|
| TOTAL PACKAGES | 20 |
| SHIPPING WEIGHT | 44,213 |
| B/L NO. | 186284 |

REMIT TO: P. O. BOX 100503
ATLANTA, GA. 30384

TERMS: NET 60 DAYS
PAYABLE IN U.S. DOLLARS FROM INVOICE DATE

**TOTAL INVOICE AMOUNT** 18354224

| CUSTOMER NO. | BUS | PC1 | PC2 | SALESMAN | TM | LOC. | DEST. | DATE | | DOC. O | XC |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 00961700 | 0003 | 191 | 2103 | 25874 | 07 | 032 | 453710 | 000 | 09 BETTY HOLCOMBE | 184 | 110551926 |

# Exhibit B

Case 1:07-cv-03175-HB   Document 1   Filed 04/20/2007   Page 8 of 14

### OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
230 PARK AVENUE
NEW YORK, NY 10169-0075

STANLEY L. LANE, JR.
MEMBER OF THE FIRM
SLANE@OSHR.COM

TELEPHONE: (212) 661-9100
TELECOPIER: (212) 682-6104

March 19, 2007

**VIA CERTIFIED MAIL
RETURN RECEIPT REQUESTED
AND REGULAR MAIL**

Mr. Richard Davenport
President
Tullahoma Industries, LLC
1811 Old Estill Springs Road
Tullahoma, Tennessee 37388

   Re: Milliken & Company
      Principal amount past due and owing: $150,542.24

Dear Mr. Davenport:

   We are the attorneys for Milliken & Company ("Milliken"). We last wrote to you on March 2, 2007 concerning the unpaid balance owed by Tullahoma Industries, LLC ("Tullahoma") to Milliken, which at the time exceeded $158,000.

   Subsequent to my March 2 letter, Milliken received from Tullahoma a check (dated February 26, 2007) in the amount of $8,000. Accordingly, the reduced principal amount of $150,542.24 remains past due and owing with respect to fabric sold and delivered by Milliken, and received and accepted by Tullahoma. Tullahoma's partial payment does not alter the fact that the entire above-captioned balance remains past due and owing, and that Milliken insists that this amount be paid.

   Accordingly, absent a mutually acceptable repayment plan, we have been instructed by Milliken to commence such proceedings, without further notice to you, as we deem necessary and appropriate to protect Milliken's rights in this matter and to collect the above-captioned indebtedness, together with all additional late fees, service charges, interest, costs and disbursements owed to Milliken. In addition, as noted in my letter of March 2, pursuant to Tullahoma's written agreement dated December 12, 2005, Milliken may also be entitled to recover its reasonable attorneys' fees if the commencement of formal legal proceedings are required.

   Under the circumstances, I again urge you to contact Milliken immediately to arrange for payment, or to see if a mutually acceptable repayment agreement can be negotiated. If no such agreement is entered into by March 31, 2007, we will proceed with the commencement of legal proceedings. Absent a formal repayment plan, any partial payments

798246.1

OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.

Mr. Richard Davenport
March 19, 2007
Page 2

received during the interim will reduce the amount of Tullahoma's indebtedness, but will not deter Milliken from proceeding to take all steps necessary to collect what it is owed.

   This letter is without prejudice to and fully reserves any and all rights of Milliken & Company in this matter.

              Very truly yours,

              Stanley L. Lane, Jr.

cc: Mr. Denis M. Golden,
   Milliken General Credit Manager

798246.1





Exhibit C

Case 1:07-cv-03175-HB    Document 1    Filed 04/20/2007    Page 12 of 14

**THIS CORPORATE GUARANTEE** ("Guarantee"), dated November 21, 2005, is made by each of the undersigned (jointly and severally, individually and collectively, "Guarantor") in favor of Milliken & Company (having an office at 1045 Sixth Avenue, New York, New York 10018 U.S.A., and referred to herein, collectively with its subsidiaries and affiliates, as "Milliken"), which has agreed from time to time to offer goods and services for sale to, or to extend credit or other financial accommodations to Tullahoma Industries LLC ("Customer") in accordance with Milliken's standard Terms and Conditions of Sale (as are available for review on Milliken website at [www.Milliken.com]) and pursuant to such contracts, purchase orders, invoices or other documents, instruments and agreements as may be executed or delivered, from time to time, by and between Milliken and Customer (all of the foregoing as the same may be amended, modified, extended or supplemented, collectively, the "Contract Documents").

In consideration of the benefits that will accrue to Guarantor from Customer's commercial transactions with Milliken, and as an inducement for and in consideration of Milliken agreeing to sell goods, provide services, make advances or provide other financial accommodations to Customer under the Contract Documents or otherwise, and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, Guarantor hereby agrees, individually and collectively, jointly and severally, as follows:

1. **Guarantee.**

(a) Guarantor absolutely and unconditionally guarantees and agrees, jointly and severally, to be liable for the full and final, indefeasible payment and performance when due of the following (all of which are collectively referred to herein as the "Guaranteed Obligations"): (i) all obligations, liabilities and indebtedness of any kind of Customer to Milliken, including: (A) any amounts that Customer may at any time owe Milliken in respect of principal, interest, charges, fees, costs and expenses, however evidenced, or otherwise, whether now existing or hereafter arising, whether arising before, during or after the term of the Contract Documents or after the commencement of any Insolvency Proceeding with respect to Customer (including the payment of interest and other amounts, which would accrue and become due but for the commencement of such Insolvency Proceeding and regardless of whether such amounts are allowable in whole or in part in any such Insolvency Proceeding, including interest, fees and expenses related thereto and all other obligations of Customer to Milliken arising after the commencement of such Insolvency Proceeding), whether direct or indirect, absolute or contingent, joint or several, due or not due, primary or secondary, liquidated or unliquidated, secured or unsecured, and however acquired by Milliken, and (B) all covenants and agreements to be performed, observed, or paid by Customer to Milliken as set forth in the Contract Documents, including all renewals, extensions, and modifications thereof, and without regard to any defect, defense or counterclaim of Customer or any Guarantor, however arising; and (ii) all expenses (including reasonable attorneys' fees and legal expenses) incurred by Milliken in connection with the collection or enforcement of Customer's obligations, liabilities and indebtedness as described in clause (i) above. Milliken's rights under this Guarantee and any Contract Documents, whether such expenses are incurred before, during or after the term of the Contract Documents or after the commencement of any Insolvency Proceeding with respect to Customer or Guarantor.

(b) This Guarantee is a guarantee of payment and not of collection. Guarantor agrees that Milliken need not attempt to collect any Guaranteed Obligations from Customer or any other obligor or to realize upon any collateral (including any goods held by Milliken as "bill and hold" pursuant to the Contract Documents or otherwise), but may require any Guarantor to make immediate payment of all Guaranteed Obligations to Milliken when due, whether by maturity, acceleration or otherwise, or at any time thereafter. Milliken may apply any amounts received in respect of the Guaranteed Obligations, in whole or in part (including attorneys' fees and legal expenses incurred by Milliken in connection with the collection thereof as may be chargeable to any Guarantor) and in such order as Milliken may elect.

(c) Payment by Guarantor shall be made to Milliken from time to time on demand as Guaranteed Obligations become due at the offices of Milliken 1045 Sixth Avenue, New York, New York 10018, or such other place as may be designated by Milliken from time to time. Guarantor shall make all payments to Milliken on the Guaranteed Obligations free and clear of, and without deduction or withholding for or on account of, any setoff, counterclaim, defense, duties, taxes, levies, imposts, fees, deductions, withholding, restrictions or conditions of any kind or nature. One or more successive or concurrent actions may be brought hereon against Guarantor either in the same action in which Customer or any other Obligor is sued or in separate actions. In the event any claim or action, or action on any judgment, based on this Guarantee is brought against Guarantor, Guarantor agrees not to deduct, set-off, or seek any counterclaim for or recoup any amounts which are or may be owed by Milliken to Guarantor. Any payment required to be made by any Guarantor hereunder that is not paid punctually when and as such payment becomes due and payable shall bear interest from the due date of such payment until the obligations of Guarantor with respect to the payment are discharged (whether before or after judgment) at the maximum interest rate permitted by the Contract Documents. Any such interest shall be included as part of the Guaranteed Obligations.

2. **Waivers and Consents.**

(a) Notice of acceptance of this Guarantee, the extension of credit accommodations to Customer and presentment, demand, protest, notice of protest, notice of dishonor, notice of nonpayment or default and all other notices to which Customer or Guarantor might otherwise be entitled are hereby waived by Guarantor. Guarantor also waives notice of, and hereby consents to: (i) any amendment, modification, supplement, extension, renewal, or restatement of any of the Contract Documents, including any extension of Customer's time to pay or any increase or decrease in the amount of any of the Guaranteed Obligations, interest rate, fees, other charges, and the guarantee made herein shall apply to the Contract Documents and the Guaranteed Obligations as so amended, modified, supplemented, renewed, restated or extended, increased or decreased, (ii) the taking, exchange, surrender and releasing of collateral or guarantees now or at any time held by or available to Milliken for the obligations of Customer or any other party at any time liable in respect of the Guaranteed Obligations or who is the owner of any property which is security for the Guaranteed Obligations (individually, an "Obligor" and collectively, the "Obligors"), (iii) the exercise of, or refraining from the exercise of any rights against Customer or any other Obligor or any collateral, and (iv) the settlement, compromise or release of, or the waiver by Milliken of any default with respect to, any of the Guaranteed Obligations. Guarantor agrees that the amount of the Guaranteed Obligations shall not be diminished and the liability of Guarantor hereunder shall not be otherwise impaired or affected by any of the foregoing.

(b) No invalidity, irregularity or unenforceability of all or any part of the Guaranteed Obligations shall affect, impair or be a defense to this Guarantee, nor shall any other circumstance which might otherwise constitute a defense available to, or result in the legal or equitable discharge of Customer in respect of any of the Guaranteed Obligations, or Guarantor in respect of this Guarantee, affect, impair or be a defense to this Guarantee. As to interest, fees and expenses, whether arising before or after the commencement of any Insolvency Proceeding with respect to Customer, Guarantor shall be liable therefor, even if Customer's liability for such amounts does not, or ceases to, exist by operation of law. Guarantor acknowledges that Milliken has not made any representations to Guarantor with respect to Customer, any other Obligor or otherwise in connection with the execution and delivery by Guarantor of this Guarantee and Guarantor is not in any respect relying upon Milliken or any statements by Milliken in connection with this Guarantee.

(c) All receipts for goods sold to Customer and all admissions as to the receipt, quality, quantity or yardage of goods or indebtedness, and as to any fact relating to goods or services provided to Customer made Customer or its representatives, shall be binding upon Guarantor. The books and records maintained by Milliken (whether or not maintained in the ordinary course of business) shall be admissible in evidence in any action or proceeding against any Guarantor and shall be prima facie proof of the amount of Guaranteed Obligations of Customer to Milliken and as to any other entries relating thereto contained therein. Any statement of account sent by Milliken to Customer to which Customer does not send written objection to Milliken within thirty (30) days after receipt by Customer shall constitute an account stated between Customer and Milliken and shall be binding on the Guarantors.

(d) Unless and until the indefeasible payment and satisfaction in full of all of the Guaranteed Obligations in immediately available funds, Guarantor hereby irrevocably and unconditionally waives and relinquishes (i) all statutory, contractual, common law, equitable and all other claims against Customer, any collateral for the Guaranteed Obligations or other assets of Customer or any other Obligor, for subrogation, reimbursement, exoneration, contribution, indemnification, setoff or other recourse in respect to sums paid or payable to Milliken by Guarantor hereunder and (ii) any and all other benefits which Guarantor might otherwise directly or indirectly receive or be entitled to receive by reason of any amounts paid by or collected or due from Guarantor, Customer or any other Obligor upon the Guaranteed Obligations or realized from their property.

3. **Subordination; Reinstatement.**

(a) Payment of all amounts now or hereafter owed to Guarantor by Customer or any other Obligor is hereby subordinated in right of payment to the indefeasible payment in full to Milliken of the Guaranteed Obligations and all such amounts and any security and guarantees therefor are hereby assigned to Milliken as security for the Guaranteed Obligations.

(b) If after receipt of any payment of, or proceeds of collateral applied to the payment of, any of the Guaranteed Obligations, Milliken is required to surrender or return such payment or proceeds to any Person for any reason, then the Guaranteed Obligations intended to be satisfied by such payment or proceeds shall be reinstated and continue and this Guarantee shall continue in full force and effect as if such payment or proceeds had not been received by Milliken. Guarantor shall be liable to pay to Milliken, and does indemnify and hold Milliken harmless for the amount of any payments or proceeds surrendered or returned. This Section 3(b) shall remain effective notwithstanding any contrary action which may be taken by Milliken in reliance upon such payment or proceeds. This Section 3(b) shall survive the termination or revocation of this Guarantee.

4. **Amendments and Waivers.**

Neither this Guarantee nor any provision hereof shall be amended, modified, waived or discharged orally or by course of conduct, but only by a written agreement signed by an authorized officer of Milliken. Milliken shall not by any act, delay, omission or otherwise be deemed to have expressly or impliedly waived any of its rights, powers or remedies unless such waiver shall be in writing and signed by an authorized officer of Milliken. Any such waiver shall be enforceable only to the extent specifically set forth therein. A waiver by Milliken of any right, power or remedy on any one occasion shall not be construed as a bar to or waiver of any such right, power and/or remedy which Milliken would otherwise have on any future occasion, whether similar in kind or otherwise.

5. **Representations and Warranties.**

Guarantor represents, warrants and covenants with, to and in favor of Milliken as follows, which representations, warranties and covenants are continuing and shall survive the execution and delivery hereof:

(a) Guarantor is solvent and will continue to be solvent after the creation of the Guaranteed Obligations and the other transactions contemplated hereunder and under the Contract Documents and Customer is solvent and will continue to be solvent after the creation of the obligations and the other transactions contemplated under the Contract Documents.

(b) Guarantor is a corporation duly organized and in good standing under the laws of its state or other jurisdiction of incorporation set forth next to its name on the signature page hereto and is duly qualified as a foreign corporation and in good standing in all states or other jurisdictions where the nature and extent of the business transacted by it or the ownership of assets makes such qualification necessary, except for those jurisdictions in which the failure to so qualify would not have a material adverse effect on the financial condition, results of operation or businesses of Milliken or the rights of Milliken hereunder or under any of the other Contract Documents. The execution, delivery and performance of this Guarantee is within the corporate powers of Guarantor, have been duly authorized and are not in contravention of law or the terms of the certificates of incorporation, by laws, or other organizational documentation of Guarantor, or any indenture, agreement or undertaking to which Guarantor is a party or by which Guarantor or its property are bound. This Guarantee constitutes the legal, valid and binding obligation of Guarantor enforceable in accordance with its terms.

(c) The chief executive office of Guarantor is the address set forth below the name of the Guarantor on the signature page of this Guarantee. Guarantor shall provide Milliken thirty (30) days' prior written notice of any change in the chief executive office of such Guarantor.

(d) Guarantor hereby confirms, acknowledges and agrees that Milliken is a critical vendor of Customer. Guarantor shall take all such action as may be requested by Milliken in connection with any motion or action by Milliken to be treated as a "critical vendor" of Customer in any Insolvency Proceeding.

6. **Termination.**

(a) This Guarantee is continuing, unlimited, absolute and unconditional. All Guaranteed Obligations shall be conclusively presumed to have been created in reliance on this Guarantee. Guarantor shall continue to be liable hereunder until an officer of Milliken & Company actually receives a written termination notice from Guarantor sent to Milliken & Company at its address set forth above by certified mail, return receipt requested and thereafter as set forth below. Revocation or termination hereof by Guarantor shall not affect, in any manner, the rights of Milliken or any obligations or duties of Guarantor under this Guarantee with respect to (i) any Guaranteed Obligations that have been created, contracted, assumed or incurred before the receipt by Milliken & Company of such written notice of revocation or termination as provided herein, including (A) all amendments, extensions, renewals and modifications of such Guaranteed Obligations (whether or not evidenced by new or additional agreements, documents or instruments executed on or after such notice of revocation or termination), (B) all interest, fees and similar charges accruing or due on and after revocation or termination, and (C) all attorneys' fees and legal expenses, costs and other expenses paid or incurred on or after such notice of revocation or termination in attempting to collect or enforce any of the Guaranteed Obligations against Customer, Guarantor or any other Obligor (whether or not suit be brought), or (ii) Guaranteed Obligations that have been created, assumed or incurred after the receipt by Milliken of such written notice of revocation or termination as provided herein pursuant to any Contract Document entered into by Milliken prior to receipt of such notice.

(b) The sole effect of such revocation or termination by Guarantor shall be to exclude from this Guarantee the liability of Guarantor for those Guaranteed Obligations arising after the date of receipt by Milliken of such written notice that are unrelated to Guaranteed Obligations arising or transactions entered into before such date. Without limiting the foregoing, this Guarantee may not be terminated and shall continue so long as the Contract Documents Loan shall be in effect.

600167.1

7. **Governing Law; Choice of Forum; Service of Process; Jury Trial Waiver.**

(a) The validity, interpretation and enforcement of this Guarantee and any dispute arising out of the relationship between Guarantor and Milliken, whether in contract, tort, equity or otherwise, shall be governed by the internal laws of the State of New York but excluding any principles of conflict of laws or other rule of law that would result in the application of the law of any jurisdiction other than the laws of the State of New York.

(b) Guarantor hereby irrevocably consents and submits to the non-exclusive jurisdiction of the Supreme Court of the State of New York for New York County and the United States District Court for the Southern District of New York, whichever Milliken elects, and waives any objection based on venue or *forum non conveniens* with respect to any action instituted therein arising under this Guarantee or any of the other Contract Documents or in any way connected with or related or incidental to the dealings of Guarantor and Milliken in respect of this Guarantee or any of the other Contract Documents or the transactions related hereto or thereto, in each case whether now existing or hereafter arising and whether in contract, tort, equity or otherwise, and agrees that any dispute arising out of the relationship between Guarantor or Customer and Milliken or the conduct of any such persons in connection with this Guarantee, the other Contract Documents or otherwise shall be heard only in the courts described above (except that Milliken shall have the right to bring any action or proceeding against Guarantor or its property in the courts of any other jurisdiction which Milliken deems necessary or appropriate in order to realize on any collateral at any time granted by Customer or Guarantor to Milliken or to otherwise enforce its rights against Guarantor or its property). Without limiting the foregoing, Guarantor hereby waives any applicable right of removal to the United States District Court under 28 U.S.C. § 1441, et seq.. In the event that Milliken initiates any action to enforce of its rights under this Guarantee in the Supreme Court of the State of New York (or any other state court having jurisdiction over such action).

(c) Guarantor hereby waives personal service of any and all process upon Guarantor and consents that all such service of process may be made by certified mail (return receipt requested) directed to its address set forth below (or such other address as Guarantor shall notify Milliken in writing in accordance with paragraph 5(e) above), and service so made shall be deemed to be completed five (5) days after the same shall have been so deposited in the U.S. mails, or, at Milliken's option, by service upon Guarantor in any other manner provided under the rules of any such court. Within thirty (30) days after such service, Guarantor shall appear in answer to such process, failing which Guarantor shall be deemed in default and judgment may be entered by Milliken against Guarantor for the amount of the claim and other relief requested.

(d) GUARANTOR HEREBY WAIVES ANY RIGHT TO TRIAL BY JURY OF ANY CLAIM, DEMAND, ACTION OR CAUSE OF ACTION (I) ARISING UNDER THIS GUARANTEE OR ANY OF THE OTHER CONTRACT DOCUMENTS, OR (II) IN ANY WAY CONNECTED WITH OR RELATED OR INCIDENTAL TO THE DEALINGS OF GUARANTOR AND MILLIKEN IN RESPECT OF THIS GUARANTEE OR ANY OF THE OTHER CONTRACT DOCUMENTS OR THE TRANSACTIONS RELATED HERETO OR THERETO, IN EACH CASE WHETHER NOW EXISTING OR HEREAFTER ARISING, AND WHETHER IN CONTRACT, TORT, EQUITY OR OTHERWISE. GUARANTOR HEREBY AGREES AND CONSENTS THAT ANY SUCH CLAIM, DEMAND, ACTION OR CAUSE OF ACTION SHALL BE DECIDED BY COURT TRIAL WITHOUT A JURY AND THAT GUARANTOR OR MILLIKEN MAY FILE AN ORIGINAL COUNTERPART OF A COPY OF THIS AGREEMENT WITH ANY COURT AS WRITTEN EVIDENCE OF THE CONSENT OF GUARANTOR AND MILLIKEN HERETO TO THE WAIVER OF THEIR RIGHT TO TRIAL BY JURY.

(e) Milliken shall not have any liability to Guarantor (whether in tort, contract, equity or otherwise) for losses suffered by Guarantor in connection with, arising out of, or in any way related to the transactions or relationships contemplated by this Guarantee, or any act, omission or event occurring in connection herewith, unless it is determined by a final and non-appealable judgment or court order binding on Milliken that the losses were the result of acts or omissions constituting gross negligence or willful misconduct. In any such litigation, Milliken shall be entitled to the benefit of the rebuttable presumption that it acted in good faith and with the exercise of ordinary care in the performance by it of the terms of the Contract Documents.

8. **Notices.**

All notices, requests and demands hereunder shall be in writing and (a) made to Milliken at its address set forth above and to Guarantor at its address set forth below, or to such other address as either party may designate by written notice to the other in accordance with this provision, and (b) deemed to have been given or made: if delivered in person, immediately upon delivery; if by e-mail transmission, immediately upon the delivery thereof; if by telex, telegram or facsimile transmission, immediately upon sending and upon confirmation of receipt; if by nationally recognized overnight courier service with instructions to deliver the next business day, one (1) business day after sending; and if by certified mail, return receipt requested, five (5) days after mailing.

9. **Partial Invalidity.**

If any provision of this Guarantee is held to be invalid or unenforceable, such invalidity or unenforceability shall not invalidate this Guarantee as a whole, but this Guarantee shall be construed as though it did not contain the particular provision held to be invalid or unenforceable and the rights and obligations of the parties shall be construed and enforced only to such extent as shall be permitted by applicable law.

10. **Entire Agreement.** This Guarantee represents the entire agreement and understanding of the parties concerning the subject matter hereof, and supersedes all other prior agreements, understandings, negotiations and discussions, representations, warranties, commitments, proposals, offers and contracts concerning the subject matter hereof, whether oral or written.

11. **Successors and Assigns.**

This Guarantee shall be binding upon Guarantor and its, successors and assigns and shall inure to the benefit of Milliken and its successors, endorsees, transferees and assigns.

12. **Definitions; Construction.**

(a) The references to the term "Insolvency Proceeding" shall mean, as to any Person, any of the following: (i) any case or proceeding with respect to such Person under the United States Bankruptcy Code or any other Federal or State bankruptcy, insolvency, reorganization or other law affecting creditors' rights or any other or similar proceedings seeking any stay, reorganization, arrangement, composition or readjustment of the obligations and indebtedness of such Person or (ii) any proceeding seeking the appointment of any trustee, receiver, liquidator, custodian or other insolvency official with similar powers with respect to such Person or any of its assets or (iii) any proceeding for liquidation, dissolution or other winding up of the business of such Person or (iv) any assignment for the benefit of creditors or any marshalling of assets of such Person.

(b) All references to the term "Guarantor" wherever used herein shall mean Guarantor and its successors and assigns (including any receiver, trustee or custodian for Guarantor or any of its assets or Guarantor in its capacity as debtor or debtor-in-possession under the United States Bankruptcy Code). All references to the term "Milliken" wherever used herein shall mean Milliken and its successors and assigns and all references to the term "Customer" wherever used herein shall mean Customer and its successors and assigns (including any receiver, trustee or custodian for Customer or any of its assets or Customer in its capacity as debtor or debtor-in-possession under the United States Bankruptcy Code). All references to the term "Person" or "person" wherever used herein shall mean any individual, sole proprietorship, partnership, corporation (including any corporation which elects subchapter S status under the Internal Revenue Code of 1986, as amended), limited liability company, limited liability partnership, business trust, unincorporated association, joint stock corporation, trust, joint venture or other entity or any government or any agency or instrumentality or political subdivision thereof. All references to the plural shall also mean the singular and to the singular shall also mean the plural. All references to "including" shall mean including, without limitation.

IN WITNESS WHEREOF, Guarantor has executed and delivered this Guarantee as of the day and year first above written.

In the presence of:

_____

STATE OF TENNESSEE
COUNTY OF FRANKLIN
*Lucy J. Hill*
NOTARY
Dated 12.12.05
Commission Expires
10-19-2009

Tullahoma Industries, LLC
a _____ corporation
By: *[signature]*
Name: Richard Davenport
Title: President
Address: 1727 Country Club Dr
Tullahoma, TN 37388

[Notary Seal: LUCY J. HILL, STATE OF TENNESSEE, NOTARY PUBLIC, COUNTY OF FRANKLIN]