OTTERBOURG, STEINDLER, HOUSTON
  & ROSEN, P.C.
Attorneys for Milliken & Company
230 Park Avenue
New York, New York
(212) 661-9100
Stanley L. Lane, Jr., (SL 8400)
Lloyd M. Green (LG 9140)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

MILLIKEN & COMPANY,

                          Plaintiff,                07 Civ. 3175 (HB) (FM)

    - against -

TULLAHOMA INDUSTRIES, LLC,

                        Defendant.

-------------------------------------------------------------------x

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
## OF THE ENTRY OF AN ORDER AND JUDGMENT FOR THE ACTUAL AND
## REASONABLE LEGAL FEES AND EXPENSES INCURRED
## BY PLAINTIFF IN THE PROSECUTION OF THE WITHIN ACTION

OTTERBOURG, STEINDLER, HOUSTON & ROSEN, P.C.
Attorneys for Plaintiff Milliken & Company
230 Park Avenue
New York, New York 10169
(212) 661-9100

OTTERBOURG, STEINDLER, HOUSTON
  & ROSEN, P.C.
Attorneys for Milliken & Company
230 Park Avenue
New York, New York
(212) 661-9100
Stanley L. Lane, Jr., (SL 8400)
Lloyd M. Green (LG 9140)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MILLIKEN & COMPANY,

                Plaintiff,                    07 Civ. 3175 (HB) (FM)

      - against -

TULLAHOMA INDUSTRIES, LLC,

                Defendant.

-----------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT
OF THE ENTRY OF AN ORDER AND JUDGMENT FOR THE ACTUAL AND
REASONABLE LEGAL FEES AND EXPENSES INCURRED
BY PLAINTIFF IN THE PROSECUTION OF THE WITHIN ACTION**

Plaintiff MILLIKEN & COMPANY ("Milliken"), by its attorneys Otterbourg, Steindler, Houston & Rosen, P.C., respectfully submits this Memorandum of Law in support of its application for the entry of an Order and Judgment after an inquest for the amount of actual and reasonable attorneys' fees that Milliken has incurred in pursuing (a) its pre-litigation efforts to obtain payment from the defendant Tullahoma Industries, LLC ("Tullahoma") following Tullahoma's default and failure to pay for goods it purchased, received and accepted from Milliken; (b) the commencement of legal proceedings against Tullahoma in this Court to obtain

927041

payment; (c) the entry of an immediately enforceable judgment in Milliken's favor against Tullahoma for the amount of its sale of goods receivable, together with a reference for the determination of damages in respect of a further judgment to be entered against Tullahoma on account of the costs and expenses incurred by Milliken (including reasonable attorneys' fees) in enforcing its rights, all as contemplated by Tullahoma's written agreement to be liable for such costs, fees, and expenses; (d) an Order granting judgment and referring the matter to a Magistrate Judge for further proceedings as to damages, (e) the registration and enforcement of Milliken's initial judgment against Tullahoma in Tennessee where Tullahoma is incorporated and maintains its principal place of business; and (f) the negotiation of a further agreement between Milliken and Tullahoma permitting Tullahoma additional time to satisfy its obligations in respect of Milliken's initial judgment.

## PRELIMINARY STATEMENT

Milliken's right to recover its actual and reasonable attorneys' fees and expenses incurred in this action to collect amounts it is owed by Tullahoma arises under the specific written agreement between Tullahoma and Milliken, and as a matter of law based upon this Court's prior legal determination holding Tullahoma liable for Milliken's costs and expenses (including its actual and reasonable legal fees). Thus, the only issue remaining before the Court is the reasonableness of the expenses for which Milliken seeks reimbursement from Tullahoma.[1]

In this regard, on or about December 12, 2005, in consideration of Milliken selling or agreeing to sell goods to, or extending or agreeing to extend credit to Tullahoma, Tullahoma executed and delivered to Milliken a written agreement (denominated "Corporate Guaranty")

---

[1] Milliken is *not* seeking reimbursement of the fees and expenses it has incurred in connection with making *this* motion.

927041

which, among other things, provided that Tullahoma would be liable to Millen for "*all expenses (including reasonable attorneys' fees and expenses) incurred by Milliken in connection with the collection and enforcement on [Tullahoma's] obligations, liabilities and indebtedness . . . .*" to Milliken.

Tullahoma had purchased over $150,000 of goods from Milliken that it received and accepted, but failed to pay for -- despite repeated written demands for payment by Milliken and several unfulfilled promises by Tullahoma that it would pay the amounts it owed. When Milliken's efforts to collect the indebtedness owed by Tullahoma *without litigation* proved unsuccessful, Milliken commenced this action, seeking the recovery of Tullahoma's indebtedness, and the legal fees and expenses Milliken had incurred (and would continue to incur) in connection with its collection efforts. Despite having been properly served and having received an extension of time to answer or otherwise move with respect to the Summons and Complaint, Tullahoma chose not to appear in the action, and never served any answer or motion in response to the Complaint.

Because of Tullahoma's failure to move or answer, Milliken moved for the entry of a sum certain default judgment against Tullahoma on its First Claim to recover the amount owed by Tullahoma for goods sold and delivered, and for the severance of its Second Claim to recovery its attorneys' fees and expenses, with the actual amount to be determined at an inquest. On July 2, 2007, the Court entered an Order Granting Judgment and Referring Matter to Magistrate Judge for Further proceedings as to Damages (the "First Order and Judgment"), signed on June 28, 2007 by Hon. Harold Baer, Jr., U.S.D.J. The First Order and Judgment granted the relief sought by Milliken, namely, the entry of a Judgment in the amount of $163,358.69 (the "Milliken Judgment"), and the determination of liability against Tullahoma for

927041                                      3

Milliken's fees and expenses with the Second Claim being severed for a determination as to the amount of Milliken's damages by inquest and assessment.

Thereafter, Milliken sought, and the Court on August 3, 2007 issued, a Certification of Judgment for Registration in Another District ("Certification").  With the Certification, Milliken registered the Milliken Judgment in the Tennessee counties where Tullahoma operates and began its effort to enforce said judgment.

Significantly, Milliken's enforcement efforts have yielded tangible results.  After much back and forth, Tullahoma has finally agreed to pay the indebtedness represented by the Milliken Judgment.  To this end, Tullahoma has delivered to Milliken's Tennessee counsel (Harwell Howard Hyne Gabbert & Manner, P.C., "H3GM") two checks payable to Milliken.  The first such check, *in the amount of $50,000, has already cleared*.  Tullahoma's delivery of these two checks, and Milliken's collection of the first check for $50,000, was a condition of Milliken's agreeing to suspend its enforcement efforts in Tennessee for sixty days (through January 8, 2008).  A second check tendered by Tullahoma at the same time is post-dated to January 8, 2008 and is in the amount of $117,290.81.  It is presently being held by H3GM and awaits deposit on January 8, 2008.  Collectively, these two checks were intended to represent the amount of the First Order and Judgment with post-judgment interest accrued (and to be accrued) thereon through January 8, 2008 at the applicable federal post-judgment interest rate in effect as of the date the First Order and Judgment was entered in this Court.

Additionally, in agreeing to accept Tullahoma's post-dated second check and suspend its enforcement efforts for 60 days in reliance on Tullahoma's representation that the second check will clear when deposited on January 8, 2008, Milliken did not waive (and in fact reserved) its

right to seek the entry of the further judgment for fees and expenses of collection contemplated by this proceeding.

As the accompanying Declarations of Stanley L. Lane, Jr. Esq. and Glenn Rose, Esq., make clear, Milliken has thus far expended $46,523 in legal fees and expenses to enforce its rights and collect amounts that Tullahoma owed Milliken without offset, defense or counterclaim. As the accompanying Declarations of Stanley L. Lane, Jr. Esq. and Glenn Rose, Esq., also make clear, these expenditures have been necessary. Accordingly, a further judgment in the amount of $46,523 should be entered in favor of Milliken and against Tullahoma on the Second Claim of Milliken's Complaint.

## RELEVANT FACTS

The relevant facts are set forth in the accompanying Declarations of Stanley L. Lane, Jr. Esq. and Glenn Rose, Esq. For the convenience of the Court, the more salient facts are set forth below. This action was commenced on April 20, 2007 by Milliken's filing of its Summons and Complaint. A copy of the Summons and Complaint was served on Tullahoma on April 26, 2007 by personally serving Richard Davenport (Tullahoma's President), at Tullahoma's offices at 1811 Old Estill Springs Road, Tullahoma, Tennessee 37388.

As its First Claim, Milliken sought to recover the principal sum of **$150,054.46** owed by Tullahoma for goods sold and delivered by Milliken, and received and accepted (and presumably used) by Tullahoma, together with all additional interest accrued and accruing. Milliken has also pleaded a second claim to recover its reasonable and actually incurred legal fees, based upon the parties' contractual agreement entitling Milliken to recover the costs of collection, including its reasonable legal fees.

927041

5

Since being served, Tullahoma (whose time to answer was unilaterally extended by Milliken -- with this Court's approval -- to June 12, 2007) neither appeared in the action, nor served any answer or motion in response to the Complaint. This failure, however, did not relieve Milliken of its perceived need to provide Tullahoma with notice of the proceedings at every step of this case. On June 28, 2007, Milliken moved for the entry of a default judgment against Tullahoma. At the time, Milliken provided Tullahoma with copies of Milliken's moving papers (to which Tullahoma failed to respond). Under the circumstances, on June 28, 2007, the Court granted the relief sought by Milliken and on July 2, 2007, the Court entered the First Order and Judgment.

On August 3, 2007, the Court issued the Certification contemplated by 28 U.S.C. §1963 and Milliken commenced its enforcement efforts in Tullahoma's home state of Tennessee. Thereafter, on August 21, 2007, Milliken's Tennessee counsel docketed the Certification and Order and Judgment in the United States District Court for the Eastern District of Tennessee. Then, on August 24, 2007, Milliken's Tennessee counsel docketed the First Order and Judgment in the offices of the Register of Deeds in the three Tennessee counties (Franklin, Grundy and Coffee), where Milliken believed Tullahoma owned real property. In addition, on September 14, 2007, the United States Marshal served a garnishment on Tullahoma's local bank (Citzens Bank).

Service of the garnishment precipitated a direct inquiry by Tullahoma's president about resolving the matter. After much discussion back and forth between Milliken and Tullahoma

and tentativeness on the part of Tullahoma[2], an agreement was finally reached between the parties.  Under the agreement, Tullahoma made a $50,000 "down payment" on account of the Milliken Judgment and delivered to Milliken's Tennessee counsel a check, post-dated to January 8, 2008, in the amount of $117,290.81.  The post-dated check is intended to represent the balance of Milliken's Judgment on Milliken's First Claim (above the $50,000 already collected).  The balance still owed to Milliken includes all accrued and accruing post-judgment interest (including amounts to be accrued between now and January 8, 2008) at the post-judgment interest rate in effect on July 2, 2007 -- the date on which the judgment was entered.

Despite Milliken's uncertainty with regard to whether the post-dated check will ever clear, Milliken moves at this time to quantify its damages and enter final judgment on its Second Claim.  In its November 9, 2007 memo endorsement of its Order re-setting the deadlines for submission in connection with this Inquest, the Court advised that "while this extension is fine, the matter will go away (sans an acceptable reason why it shouldn't) one way or the other at the end of the year i.e. 12/31/07."  Accordingly, out of an abundance of caution, Milliken moves at this time.

Clearly, Milliken's attorneys have rendered real and valuable services to Milliken.  Under these circumstances, the actual legal fees in the amount of $42,346.25 and the actual expenses incurred in the amount of $4,176.75 can only be described as reasonable.  Accordingly, judgment in the amount of $46,523 should entered by this Court, in favor of Milliken and against Tullahoma.

---

[2] The negotiations included a request by Tullahoma, ultimately rejected by Milliken after appropriate due diligence, that Milliken accept in satisfaction of its Judgment an assignment from Tullahoma of a price adjustment claim that Tullahoma is pursuing against the government of the United States (which is one of Tullahoma's principal customers).

927041                                        7

## **ARGUMENT**

"[T]he rule in New York is that 'when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable.'" Diamond D Enterprises USA, Inc. v. Steinsvaag, 979 F.2d 14, 19 (2d Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2442 (1993) (citation omitted). "'[W]hen a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable." Norwest Financial, Inc. v. Fernandez, 121 F.Supp.2d 258, 262 (S.D.N.Y. 2000) (citation omitted). *See* Sun Chem. Corp. v. Excelsior Packaging Group, Inc., 2005 U.S. Dist. LEXIS 189, at *22-*23 (Jan. 10, 2005) (Baer, J.)   (fee shifting provision contained on reverse side of invoice is enforced).   As noted above, this Court has already found for Milliken on the issue of Tullahoma's liability for Milliken's costs and expenses (including Milliken's actual and reasonable attorneys' fees).  Only the quantification of Milliken's damages on this expense claim remains.

A "party seeking an award of attorney's fees must support its application by submitting contemporaneous time records that detail, 'for each attorney, the date, the hours expended, and the nature of the work done.' N.Y State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1148 (2d Cir. 1983)." CSC Holdings, Inc. v. Khrisat, 2005 U.S. Dist. LEXIS 27880, at *13-*14 (S.D.N.Y. Nov. 8, 2005).

Here, Milliken has satisfied all the requirements for recovering the legal fees and expenses it has expended to recover the indebtedness owed by Tullahoma.  First, Tullahoma

executed a written contract containing, among other things, an express fee shifting clause in favor of Milliken.

Second, there can be no doubt that Milliken has prevailed in this action as the Court has entered a Judgment in favor of Milliken. Indeed, the Court ordered an inquest on fees and expenses as part of its First Order and Judgment.

Finally, the accompanying Declarations of Messrs. Lane and Rose and the exhibits attached thereto clearly enumerate and elaborate upon the services rendered by Milliken's New York and Tennessee counsel. These submissions demonstrate that the fees and expenses incurred by Milliken were both actual and reasonable.

## CONCLUSION

The record before this Court establishes that Milliken's fee application should be granted in its entirety, and that Milliken be awarded $42,346.25 for actual and reasonable attorneys' fees and $ 4,176.75 for expenses.

Dated: New York, New York
       December 4, 2007

Respectfully submitted,

OTTERBOURG, STEINDLER, HOUSTON
   & ROSEN, P.C.

By: _____
       Stanley L. Lane, Jr. (SL 8400)
       Attorneys for Plaintiff Milliken & Company
       230 Park Avenue
       New York, New York 10169
       (212) 661-9100

Of Counsel: Lloyd M. Green

927041                              9