OTTERBOURG, STEINDLER, HOUSTON
  &amp; ROSEN, P.C.
Attorneys for Milliken &amp; Company
230 Park Avenue
New York, New York
(212) 661-9100
Stanley L. Lane, Jr., (SL 8400)
Lloyd M. Green (LG 9140)


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
MILLIKEN &amp; COMPANY,

                             Plaintiff,                            07 Civ. 3175 (HB) (FM)

        - against -                                     **DECLARATION OF**
                                                                        **STANLEY L. LANE, JR.**

TULLAHOMA INDUSTRIES, LLC,

                             Defendant.
-------------------------------------------------------------x

       STANLEY L. LANE, JR., declares under penalty of perjury and says:

       1.     I am a member of the Bar of this Court and of the firm of Otterbourg, Steindler, Houston &amp; Rosen, P.C. ("OSHR"), attorneys for Milliken &amp; Company ("Milliken"), the plaintiff in the above-entitled action. I am familiar with all of the facts and circumstances in this action. I make this declaration in support of Milliken's application for the entry of an Order and Judgment after an inquest for the amount of actual and reasonable attorneys' fees that Milliken has incurred in pursuing (a) its pre-litigation efforts to obtain payment from the defendant Tullahoma Industries, LLC ("Tullahoma") following Tullahoma's default and failure to pay for goods it purchased, received and accepted from Milliken; (b) the commencement of legal proceedings against Tullahoma in this Court to obtain payment; (c) the entry of an immediately enforceable

927082

judgment in Milliken's favor against Tullahoma for the amount of its sale of goods receivable, together with a reference for the determination of damages in respect of a further judgment to be entered against Tullahoma on account of the costs and expenses incurred by Milliken (including reasonable attorneys' fees) in enforcing its rights, all as contemplated by Tullahoma's written agreement to be liable for such costs, fees, and expenses; (d) an Order granting judgment and referring the matter to a Magistrate Judge for further proceedings as to damages, (e) the registration and enforcement of Milliken's initial judgment against Tullahoma in Tennessee where Tullahoma is incorporated and maintains its principal place of business; and (f) the negotiation of a further agreement between Milliken and Tullahoma permitting Tullahoma additional time to satisfy its obligations in respect of Milliken's initial judgment.

2. Milliken's right to recover a further enforceable judgment for actual and reasonable attorneys' fees and expenses that it has expended to collect amounts it is owed by Tullahoma arises under the specific written agreement between Tullahoma and Milliken, and as a matter of law based upon this Court's prior legal determination holding Tullahoma liable for Milliken's costs and expenses (including its actual and reasonable legal fees). Thus, the only issue remaining before the Court is the reasonableness of the expenses for which Milliken seeks reimbursement from Tullahoma. In this regard, I specifically call to this Court's attention that Milliken is *not* seeking reimbursement of the fees and expenses it has incurred in connection with the making of *this* motion.[1]

3. This action was commenced by Milliken on April 20, 2007 by the filing of a Summons and Complaint after multiple oral (and later written) demands to Tullahoma by both Milliken and its counsel failed to induce Tullahoma's payment of more than $150,000 owed by

---

[1] Nor, is Milliken seeking reimbursement of a nominal amount of fees that were incurred when my firm was first consulted concerning Tullahoma's delinquency which fees were recorded to general Milliken client matter number before a separate file for the Tullahoma matter was opened.

927082                                    2

Case 1:07-cv-03175-HB    Document 16    Filed 12/04/2007    Page 3 of 8

Tullahoma to Milliken for goods sold and delivered by Milliken and received and accepted by Tullahoma. A copy of Milliken's Summons and Complaint in this action was served on Tullahoma on April 26, 2007 by personal service Richard Davenport (Tullahoma's President), at Tullahoma's offices at 1811 Old Estill Springs Road, Tullahoma, Tennessee 37388.

4. By its First Claim for Relief, Milliken sought to recover the principal sum of **$150,054.46**, together with all additional interest accrued and accruing. Milliken also pleaded a Second Claim for Relief to recover its reasonable and actually incurred legal fees, based upon the parties' contractual agreement entitling Milliken to recover all costs of collection, including its reasonable legal fees.

5. After being served, Tullahoma (whose time to answer was unilaterally extended by Milliken to June 12, 2007 with this Court's approval) neither appeared in the action, nor served any answer or motion in response to the Complaint. Accordingly, on June 28, 2007, Milliken moved for the entry of a default judgment against Tullahoma. At the time, Milliken provided Tullahoma with copies of Milliken's moving papers (to which Tullahoma failed to respond). This Court granted the relief sought by Milliken on June 28, 2007 and on July 2, 2007, the Court entered the Order and Judgment in the amount of **$163,358.69** (the "Milliken Judgment") against Tullahoma.

6. On August 3, 2007, this Court issued the certification contemplated by 28 U.S.C. §1963, and Milliken commenced its enforcement efforts in Tullahoma's home state of Tennessee. Thereafter, on August 21, 2007, Milliken's Tennessee counsel (the Nashville, Tennessee firm of Harwell Howard Hyne Gabbert & Manner, P.C., "H3GM") docketed the Certification and the Milliken Judgment in the United States District Court for the Eastern District of Tennessee. Then, on August 24, 2007, H3GM docketed the Milliken Judgment in the

offices of the Register of Deeds in the three Tennessee counties (Franklin, Grundy and Coffee), where Milliken believed Tullahoma owned real property. In addition, on September 14, 2007, the United States Marshal served a garnishment on Tullahoma's local bank (Citizens Bank).

7. Service of the garnishment precipitated a direct inquiry to Milliken by Tullahoma's president about resolving the matter. After much discussion back and forth[2], an agreement was finally reached between Milliken and Tullahoma. Under that agreement, Tullahoma made a $50,000 "down payment" (by check subject to collection) on account of the Milliken Judgment and at the same time delivered to Milliken's Tennessee counsel (H3GM), a second check post-dated to January 8, 2008, in the amount of $117,290.81. The post-dated check is intended to represent the unpaid balance of the Milliken Judgment (above the $50,000 already collected). The balance still owed to Milliken includes all accrued and accruing post-judgment interest (including amounts to be accrued between now and January 8, 2008) at the post-judgment interest rate in effect on July 2, 2007 -- the date on which the Milliken Judgment was first entered.

8. In connection with its negotiations to obtain payment of the Milliken Judgment by Tullahoma, Milliken offered to stipulate to a reduced amount of fees and expenses, but Tullahoma refused. Rather than agree to a stipulated reduced amount to avoid the expense of this proceeding, Tullahoma preferred instead to require that Milliken go forward with this proceeding, recognizing that whatever fees and expenses the Court found reasonable would be

---

[2] The negotiations included a request by Tullahoma, ultimately rejected by Milliken after appropriate due diligence, that Milliken accept in satisfaction of its Judgment an assignment from Tullahoma of a price adjustment claim that Tullahoma is pursuing against the government of the United States (which is one of Tullahoma's principal customers).

927082                                                4

reduced to a further, separately enforceable judgment that Milliken could register in Tennessee and then proceed to enforce against Tullahoma.

9. To be clear, Milliken is not seeking to recover its expenses for going forward with this hearing. Having been required by Tullahoma, however, to do so and at the same time agreeing to waive any right to collect further fees if the post-dated check tendered by Tullahoma is dishonored after its presentment on January 8, 2008, no accommodation with respect to the actual fees and expenses already incurred by Milliken in enforcing its rights would be warranted in arriving at the amount of the further judgment to be entered against Tullahoma in this proceeding.

10. As evidenced by the accompanying bills (collectively, Exhibit "A"), for the period March 2, 2007 through October 31, 2007,[3] OSHR rendered bills to Milliken in the amount $29,863.16. The attorneys who appear on the bills are Stanley L. Lane, Jr., Esq. (SLL), whose hourly billing rate is presently $640, and Lloyd M. Green (LMG) whose hourly billing rate is presently $530. The hourly rates of the managing clerk, Anthony Williams, and of the paralegal, Kareem Ansley (both of whom also recorded time to this matter) are $205 and $175 per hour, respectively. Mr. Lane graduated from Georgetown University Law School in 1981 and was admitted to the Bar of the State of New York in 1982. Mr. Green graduated from Cornell Law School in 1984 and was admitted to the Bar of the State of New York in 1985.[4]

---

[3] Because of attorney-client privilege concerns, while Milliken is delivering to Chambers the unredacted copies of its bills, I have attached redacted copies to this affidavit and to the copy of this affidavit that we are delivering to Tullahoma and filing with the Court.

[4] Although the bills actually total $29,863.16, Milliken is seeking recovery of $29,677.16 because in reviewing the bills for this proceeding, I discovered that $186.00 in fees incurred in other Milliken matters were mistakenly recorded and billed to this litigation, rather than to the Milliken matters in respect of which those services were actually rendered.

927082                                5

10. As set forth on Exhibit "A", during the period March 2, 2007 through October 31, 2007, OSHR performed and rendered the following services, which totaled $28,468.50, and incurred fees and costs in the amount of $1,208.66. Itemized bills of these services are collectively annexed hereto as Exhibit "B". These services include:

(a) engaging in communications with Milliken with regard to Tullahoma's delinquency; reviewing Tullahoma's statement of account and various agreements between the parties (including Tullahoma's written agreement to reimburse Milliken for any fees and expenses incurred by reason of any payment default by Tullahoma); preparing, revising, finalizing and serving Milliken's Complaint in the within action; engaging in communications with the Milliken with regard to the Complaint; and furnishing copies of the Complaint to Milliken;

(b) reviewing filings with the Court; furnishing Tullahoma with notice of a Court conference; discussing status of action with Milliken; preparing transmissions to Court extending Tullahoma's time to answer or move with respect to the Complaint; reviewing Order extending Tullahoma's time to answer or move; and analyzing Milliken contract terms for default rates;

(c) preparing, revising and finalizing default motion papers, including the form of judgment, Clerk's certificate of default, and affidavit of Stanley L. Lane, Jr.; preparing for scheduled conference before the Court; reviewing procedure for severing claims; engaging in calls with Chambers; calculating default interest rate under terms of pertinent contract; presenting motion for default to Court; and advising Tullahoma of default motion;

(d) reviewing Order and Judgment as signed and entered; reviewing procedures for registering judgment; reviewing post-judgment interest rate; research registration of judgments; transmitting materials to Tennessee Counsel in connection with contemplated registration of the Milliken Judgment; and reviewing the Scheduling Order issued by Hon. Frank Maas, U.S.M.J.;

927082                                                         6

(e) reviewing the Court's Scheduling Order; reviewing the requirements for entering Order and Judgment in Tennessee; reviewing requirements for perfecting judgment liens; obtaining certification of Order and Judgment; transmitting certification to Tennessee counsel; reviewing the timetable for reporting to the Court; preparing and submitting request for extension of time to submit memorandum of law and proofs in connection with Inquest; reviewing Tullahoma financial statements in connection with enforcement efforts; reviewing status of enforcement efforts in Tennessee; and reviewing court dockets; and

(f) reviewing at length Tullahoma's settlement overtures; participating in multiple telephone discussions with the President of Tullahoma in connection with Tullahoma's settlement discussions; reviewing correspondence between Tullahoma and the United States government (in connection with Tullahoma's offer to assign its price adjustment claims against the government to Milliken in settlement of the Milliken Judgment; reviewing e-mail correspondence from Tullahoma; reviewing and then discussing Tullahoma's settlement proposal with Milliken; reviewing correspondence from Tullahoma's counsel granting permission to directly communicate with Tullahoma.

11.    As indicated by the attached printout (Exhibit "C"), during the month of November 2007 (for which no bill has yet been issued), Milliken incurred $1,024 in this matter for services unrelated to this inquest, and an additional $ 71.08 in costs and expenses. These services included conferences with Milliken and Tennessee co-counsel; calculation of interest on the Judgment; correspondence with the Court; correspondence with Tullahoma; review of the Court's memo Orders; correspondence with regard to Tullahoma's settlement offer; discussions with Milliken and Tennessee counsel with regard to Tullahoma settlement offer; suspension of garnishment in Tennessee; and confirmation of receipt of Tullahoma's first payment.

927082

7

12.  Further, as indicated by the accompanying Declaration of Milliken's Tennessee counsel, Glenn Rose, Esq., in connection with the enforcement of the Judgment in Tennessee, Milliken has incurred the additional sums of $12,853.75 in legal fees and $2,897.01 in expenses.

13.  The record demonstrates that Milliken's attorneys have rendered real and valuable services to Milliken. Under these circumstances, the actual legal fees in the amount of $42,346.25 and the actual expenses in the amount of $4,176.75 incurred by Milliken can only be described as reasonable. Accordingly, judgment in the amount of $46,523 should be entered by this Court, in favor of Milliken and against Tullahoma.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on December 4, 2007.

_____
STANLEY L. LANE, JR. (SL8400)