UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MILLIKEN & COMPANY,                                    :

        Plaintiff,     :   **REPORT AND**
                   **RECOMMENDATION**
    - against -      :   **TO THE HONORABLE**
                   **HAROLD BAER, JR.**

                 :

TULLAHOMA INDUSTRIES, LLC,      07 Civ. 3175 (HB)(FM)

                 :

        Defendant.
------------------------------------------------------------x

**FRANK MAAS**, United States Magistrate Judge.

I.  <u>Introduction</u>

    This action for goods sold and delivered arises out of the sale of fabric by

plaintiff Milliken & Company ("Milliken") to defendant Tullahoma Industries, LLC

("Tullahoma"). Tullahoma guaranteed the payment and performance of its obligations

through a Corporate Guarantee ("Guarantee") which it has failed to honor. Accordingly,

Milliken commenced this action on April 20, 2007.

    Following Tullahoma's failure to appear, Your Honor entered a default

judgment in the amount of $163,358.69 on June 28, 2007. (Docket No. 6). Additionally,

the matter was referred to me to conduct an inquest to determine the amount of Milliken's

actual and reasonable legal fees and expenses. (Docket Nos. 6, 10).

    By order dated July 20, 2007, I directed Milliken to serve and file its inquest

papers by September 20, 2007, and gave Tullahoma until October 4, 2007, to respond.

(Docket No. 11).  Milliken subsequently received two extensions of time, (Docket Nos. 12-13), before filing its papers on December 4, 2007.[1]  (Docket Nos. 15-16).  To date, however, Tullahoma has neither retained counsel to appear on its behalf, nor submitted any opposition papers.

For the reasons set forth below, I recommend that Milliken be awarded attorneys' fees and related expenses in the amount of $36,108.75.

II.    Factual Background

On the basis of Milliken's uncontroverted complaint and inquest papers, I find as follows:

On July 8, 2006, Tullahoma received and accepted fabric and other goods from Milliken for which it had agreed to pay $183,542.24.  (Docket No. 1 (Complaint ("Compl.") ¶ 5 & Ex. A (Invoice)).  To secure its obligation to pay that sum, Tullahoma previously had executed a "Corporate Guarantee" on December 12, 2005.  (Compl. ¶ 7).  Pursuant to the Guarantee, Tullahoma "absolutely and unconditionally guarantee[d] and agree[d] . . . to be liable for the full and final . . . payment . . . [of] all expenses (including reasonable attorneys' fees and legal expenses) incurred by Milliken in connection with the collection or enforcement of [Tullahoma's] obligations, liabilities and indebtedness."  (Id. Ex. C § 1(a)(ii)).  The Guarantee further provided that, absent a rule of law that would

---

[1]    On November 19, 2007, Your Honor cautioned Milliken that, while these extensions were acceptable, the matter would go away "one way or the other" by year's end.  (See Docket No. 14).

result in the application of another state's law, New York law shall govern any dispute

arising out of the relationship between Tullahoma, as guarantor, and Milliken.  (Id. § 7(a)).

Tullahoma paid $33,000 of the purchase price, leaving an unpaid balance of

$150,542.24.  (Id. ¶ 5-6, 9).  Accordingly, pursuant to the Guarantee, Tullahoma is liable

for that amount, plus interest, and attorneys' fees.  (Docket No. 6).

By order dated July 20, 2007, I fixed a schedule for the submission of papers

regarding Milliken's attorneys' fees.  (Docket No. 11).  After two extensions, (Docket

Nos. 12-13), Milliken submitted its papers on December 4, 2007.  (Docket Nos. 15-17).

No opposition papers have been received.

The Milliken submission establishes that Milliken retained the law firm of

Otterbourg, Steindler, Houston & Rosen, P.C. ("OSHR") to prosecute this suit.  To date,

Milliken has paid OSHR a total of $30,772.24, consisting of $29,492.50 in legal fees and

$1,279.74 in costs and expenses.  (Decl. of Stanley L. Lane, Jr., Esq., sworn to on Dec. 4,

2007 ("Lane Decl."), ¶¶ 10-11; see also id. Exs. B, C (OSHR invoices)).

Following the entry of the default judgment, Milliken retained the firm of

Harwell Howard Hyne Gabbert & Manner, P.C. ("H3GM") in Nashville, Tennessee, to

assist in its enforcement in Tullahoma's home state.  (Lane Decl. ¶ 6; Decl. of Glenn B.

Rose, Esq., sworn to on Dec. 4, 2007 ("Rose Decl."), ¶¶ 1-2).  H3GM, in turn, recorded

the judgment in the Eastern District of Tennessee and in the offices of the Register of

Deeds in three Tennessee counties where Tullahoma owned real property.  (Lane Decl.

¶ 6; Rose Decl. ¶ 3).  H3GM also garnisheed several of Tullahoma's bank accounts at a local bank.  (Lane Decl. ¶ 6; Rose Decl. ¶ 3).  Between July 26 and November 26, 2007, Milliken paid to H3GM a total of $15,750.76 for these and other collection efforts ($12,853.75 in legal fees and $2,897.01 in costs and expenses).  (Lane Decl. ¶ 12; Rose Decl. ¶¶ 4-5 & Ex. A (H3GM invoice)).

Accordingly, Milliken has paid its attorneys a total of $46,523, which it seeks to recover pursuant to the Guarantee.  (Lane Decl. ¶ 13).

III.    Discussion

Under New York law, "when a contract provides that in the event of litigation the losing party will pay the attorneys' fees of the prevailing party, the court will order the losing party to pay whatever amounts have been expended by the prevailing party, so long as those amounts are not unreasonable."  See F.H. Krear & Co. v. Nineteen Named Trustees, 810 F.2d 1250, 1263 (2d Cir. 1987).  Here, the Guarantee contained such a provision.  (See Compl. Ex. C § 1(a)(ii)).  Accordingly, to determine the amount that Milliken should be awarded, the Court must consider the reasonableness of the hourly rate for the timekeepers involved in this case and the number of hours they reasonably expended.  See Crescent Publ'g Group, Inc. v. Playboy Enters., Inc., 246 F.3d 142, 146 n.3 (2d Cir. 2001); Kerin v. U.S. Postal Serv., 218 F.3d 185, 190 (2d Cir. 2000); Earth Flag, Ltd. v. Alamo Flag Co., 154 F. Supp. 2d 663, 668-69 (S.D.N.Y. 2001).

A.    Reasonable Hourly Rate

1.    OSHR

In assessing the reasonableness of the rates charged by Milliken's counsel,

the Court may consider what the prevailing market rates are "for similar services by

lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v.

Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (quoting Blum v. Stenson, 465 U.S. 886, 895

n.11 (1984)).  The Court may rely on its own knowledge of private firm hourly rates in

doing so.  Miele v. N.Y. State Teamsters Conf. Pension & Ret. Fund, 831 F.2d 407, 409

(2d Cir. 1987).  The Court may also factor into its determination "the difficulty of the

questions involved[,] the skill required to handle the problem[,] the time and labor

required[,] the lawyer's experience, ability and reputation[,] the customary fee charged by

the Bar for similar services[,] and the amount involved." F.H. Krear & Co., 810 F.2d at

1263 (quoting In re Schaich, 55 A.D.2d 914 (2d Dep't 1977)).

Two attorneys at OSHR worked on Milliken's efforts to collect the sums

owed by Tullahoma.  The time of Stanley L. Lane, Jr., Esq., was billed at the rate of $640

per hour.  Mr. Lane is a 1981 graduate of Georgetown University Law Center who was

admitted to the New York State bar in 1982. (Lane Decl. ¶ 10).  The time of Lloyd M.

Green, Esq., who also worked on the case, was billed at the rate of $530 per hour.  Mr.

Green graduated from Cornell Law School in 1984 and was admitted to the New York

State bar in 1985.  (Id.).  In addition to the time of these attorneys, OSHR billed Milliken

$2,070.50 for managing clerk and paralegal services at the rates of $205 and $175 per hour, respectively.  (Id. ¶ 10, Ex. B).

I find that the hourly rates charged by OSHR for this collection action are excessive.  While the billing rates of attorneys at large firms in the New York metropolitan area certainly have been on the rise in recent years, see, e.g., Williamsburg Fair Hous. Comm. v. N.Y.C. Hous. Auth., No. 76 Civ. 2125 (RWS), 2005 U.S. Dist. LEXIS 5200, at *35 (S.D.N.Y. Mar. 31, 2005) (noting that the senior partners in New York City firms charge as much as $750 per hour and junior partners as much as $490 per hour), this was a straightforward collection action involving a less than breathtaking sum.  The prevailing rates in the New York metropolitan area for such run-of-the-mill cases more typically are in the range of $175 to $300 per hour.  See Orix Fin. Servs., Inc. v. Precision Charters, Inc., No. 05 Civ. 9346 (KMW), 2007 U.S. Dist. LEXIS 80153, at *3 (S.D.N.Y. Oct. 29, 2007) (approving hourly rate of $175 per hour for a claim on a promissory note); Edelson v. Centurion Gold Holdings, Inc., No. 06 Civ. 7632 (RLC)(JCF), 2007 U.S. Dist. LEXIS 23564, at *6 (S.D.N.Y. Apr. 2, 2007) ($250 per hour is "reasonable for this district and for the nature of the tasks performed"); City Nat'l Bank of Fla. v. Morgan Stanley DW, Inc., No. 05 Civ. 2739 (DLC)(JCF), 2007 U.S. Dist. LEXIS 22187, at *15 (S.D.N.Y. Mar. 29, 2007) ($178 to $295 per hour rates are "commensurate with those generally charged for similar work in this district").  Nonetheless, even without any assurance that it

would actually be repaid, Milliken was willing to pay its attorneys considerably more per hour, which is a fact that the Court can consider in deciding what rates are reasonable.

Taking all of these factors into account, I recommend that Milliken recover a blended rate of $400 per hour for OSHR's attorneys' services.

The requested rates for the managing clerk and paralegal are similarly excessive and should be reduced to a blended rate of $150 per hour. See Heng Chan v. Sung Yue Tung Corp., No. 03 Civ. 6048 (GEL), 2007 U.S. Dist. LEXIS 33883, at *12-13 (S.D.N.Y. May 8, 2007) (rates of $50 to $150 per hour are reasonable for paralegals of varying experience); Sheehan v. Metro. Life Ins. Co., 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) ($150 per hour is a reasonable rate for a paralegal); In re Excess Value Ins. Coverage Litig., No. M-21-84 (RMB)(KNF), 2004 U.S Dist. LEXIS 24368, at *14 (S.D.N.Y. Nov. 29, 2004) ("[P]aralegal and law clerk time is reasonably compensated at up to $150 per hour.").

2.    H3GM

Turning to H3GM's services, Milliken has submitted the declaration of Glenn B. Rose, Esq., a member of that firm, and copies of H3GM's detailed invoices. These documents show that H3GM billed Milliken at a rate of $400 per hour for Mr. Rose's time. He is a graduate of the University of Virginia School of Law, who is a shareholder at the firm and has twenty-four years of experience as a lawyer. (Rose Decl. ¶ 4). Craig V. Gabbert, Jr., also a partner at the firm, worked on the case and billed

Milliken at the rate of $425 per hour. (Id.). Mr. Gabbert is a Vanderbilt Law School graduate with thirty-one years of experience. (Id.). John M. Brittingham also worked on the matter and billed Milliken at the rate of $400 per hour. (Id.). Mr. Brittingham, a Vanderbilt Law School graduate, has practiced for twenty-five years. (Id.). Finally, J. David McDowell, an associate at H3GM, billed Milliken at the rate of $195 per hour. (Id.). Mr. McDowell is a 2002 Georgetown graduate and a member of the Florida and Tennessee state bars. (Id.). Paralegal services were performed by Cindy Duck, for whom Millliken seeks to recover $2,907.89, calculated at the rate of $140 per hour. (Id.).

In NEFT, LLC v. Border States Energy, LLC, the United States District Court for the Eastern District of Tennessee found that the prevailing rate in that state "for an experienced partner ranges between $200 to $250 per hour, and that for a new associate, the prevailing rate is $125 per hour." No. 04 Civ. 536, 2007 WL 2157011, at *6 (E.D. Tenn. July 25, 2007); see also Hance v. Norfolk S. Ry. Co., No. 04 Civ. 160, 2007 U.S. Dist. LEXIS 76963, at *7-8 (E.D. Tenn. Oct. 16, 2007) (concluding that "$250.00 per hour is reasonable for the Eastern District of Tennessee"); cf. London v. Halter, 203 F. Supp. 2d 367, 374 (E.D. Tenn. 2001) ("It is well-recognized it is far more expensive to . . . operate a . . . law firm in [a] major metropolitan area[] such as New York . . . than in the Eastern District of Tennessee."). Other courts in the Sixth Circuit have approved similar rates. See, e.g., Stephen A. Thomas, PLC v. Bankr. Estate of Jones, No. 07 Civ. 12074, 2007 U.S. Dist. LEXIS 88008, at *17 (E.D. Mich. Nov. 30, 2007) ($200

per hour reasonable); <u>Bench Billboard Co., Inc. v. Louisville-Jefferson County Metro Gov't</u>, No. 05 Civ. 172, 2007 U.S. Dist. LEXIS 71137, at *5 (W.D. Ky. Sept. 24, 2007) ($275 to $305 per hour reasonable for the two senior partners who had, respectively, thirty-six and twenty-seven years of experience); <u>Critzer v. Way</u>, No. 06 Civ. 10632, 2007 U.S. Dist. LEXIS 12887, at *5 (E.D. Mich. Feb. 26, 2007) ($210 per hour reasonable in a breach of contract action for an attorney with twenty-seven years of experience).  I therefore recommend that the billing rate of Messrs. Rose and Brittingham be reduced to $250 per hour, Mr. Gabbert's rate to $300 per hour, and Mr. McDowell's to $150 per hour.[2]

Ms. Duck's billing rate was $96.23 per hour through August 31, 2007, when it was increased (without explanation) to $140 per hour.  (<u>See</u> Rose Decl. Ex. A). That rate should be reduced to $100 per hour in accordance with the local prevailing market rates for paralegal services.  <u>See</u> <u>NEFT, LLC</u>, 2007 WL 2157011, at *6 ($50 per hour appropriate for law clerk); <u>Baskin-Robbins Franchised Shops, L.L.C. v. Livonia Ice Cream No. 809, Inc., et al.</u>, No. 07 Civ. 10987, 2007 U.S. Dist. LEXIS 86938, at *7 (E.D. Mich. Nov. 27, 2007) ($70 to $100 per hour rate for paralegals is appropriate for firms with more than twenty attorneys); <u>Geier v. Sundquist</u>, 227 F. Supp. 2d 881, 888

---

[2]    The H3GM invoice dated September 11, 2007, bills Milliken for Mr. McDowell's time at the rate of $138.48 per hour which, obviously, is reasonable.  (<u>See</u> Rose Decl. Ex. A).

(M.D. Tenn. 2002) ($75 per hour is "reasonable in the Nashville market"), <u>vacated</u> <u>and</u>

<u>remanded</u> <u>for</u> <u>further</u> <u>explanation</u>, 372 F.3d 784, 792 (6th Cir. 2004).

      B.     <u>Hours Reasonably Expended</u>

      To enable a court to determine the reasonableness of the hours expended, a

party seeking an award of attorneys' fees must submit contemporaneous time records

which indicate the number of hours expended and the nature of the work done.  <u>Lewis v.</u>

<u>Coughlin</u>, 801 F.2d 570, 577 (2d Cir. 1986); <u>N.Y. State Ass'n for Retarded Children, Inc.</u>

<u>v. Carey</u>, 711 F.2d 1136, 1148 (2d Cir. 1983); <u>Puglisi v. Underhill Park Taxpayer Ass'n</u>,

964 F. Supp. 811, 817 (S.D.N.Y. 1997) (Motley, J.).  In keeping with this requirement,

Milliken has furnished the Court with detailed time records from both of the firms it

retained.  (<u>See</u> Lane Decl. Exs. B, C; Rose Decl. Ex. A).

      OSHR and H3GM together spent more than 130 hours on this litigation.

(<u>See</u> Lane Decl. Exs. B, C; Rose Decl. Ex. A).  This time was spent preparing the

complaint and default judgment papers, appearing in court, certifying the judgment and

registering it in Tennessee, discussing settlement with Tullahoma, and submitting the

inquest papers.  Having reviewed the bills for legal services (in unredacted form), I find

that the hours expended by the various timekeepers are reasonable.

      I therefore recommend that Milliken recover legal fees in the amount of

$31,932, calculated as follows:

OSHR

| Timekeeper | Hours | Rate Per Hour | Total |
|---|---|---|---|
| Lane | 20.7 | $400 | $8,280 |
| Green | 29 | 400 | 11,600 |
| Williams (managing clerk) | 4.1 | 150 | 615 |
| Ansley (paralegal) | 8.2 | 150 | 1,230 |
| **TOTAL** | 62 | | **$21,539**[3] |

H3GM

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Gabbert | .25 | $300 | $75 |
| Rose | 14.2 | 250 | 3,550 |
| Brittingham | 1 | 250 | 250 |
| McDowell[4] | 25.7 | 150 | 3,590 |
| Duck (paralegal) | 30.4 | 100 | 2,928 |
| **TOTAL** | 71.55 | | **$10,393** |

(See Lane Decl. Exs. A, C; Rose Decl. Ex A).

---

[3]    This number has been reduced by $186 ($21,725 - $186 = $21,539) to account for overcharges acknowledged by Milliken. (Lane Decl. Ex. A).

[4]    Because McDowell billed Milliken at the reasonable hourly rate of $138.48 for the first twenty-three hours of his services, his total is calculated using that rate where appropriate $((23 \times 138.48 = 3185) + (2.7 \times 150 = 405)) = 3590)$. (See Rose Decl. Ex. A).

C.    Costs and Disbursements

Milliken seeks to recover $4,176.75 in expenses for court fees, service of

process, overnight couriers, messenger services, photocopying, the cost of registering the

judgment in Tennessee, and similar expenses.  (Lane Decl. ¶¶ 10, 13 & Exs. B, C; Rose

Decl. Ex. A).  I find that these expenses, which amount to only about four percent of the

total charges, are reasonable.

IV.    Conclusion

Milliken should be awarded judgment against Tullahoma for attorneys' fees

in the amount of $31,932, and expenses in the amount of $4,176.75, for a total of

$36,108.75.

V.    Notice of Procedure for Filing of Objections to this Report and Recommendation

The parties are hereby directed that if they have objections to this Report

and Recommendation, they must, within ten days from today, make them in writing, file

them with the Clerk of the Court, and send copies to the chambers of the Honorable

Harold Baer, Jr. and to the chambers of the undersigned, at the United States Courthouse,

500 Pearl Street, New York, New York 10007, and to any opposing parties.  See 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b).  Any requests for an extension of

time for filing objections must be directed to Judge Baer.  The failure to file timely

objections will result in a waiver of those objections for purposes of appeal.  See 28 U.S.C.

U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72(b); <u>Thomas v. Arn</u>, 474 U.S. 140

(1985); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992).

Dated:          New York, New York
                December 26, 2007

                              _____
                              FRANK MAAS
                              United States Magistrate Judge


Copies to:

Stanley L. Lane, Jr., Esq.
Otterbourg, Steindler, Houston & Rosen, PC
230 Park Avenue
New York, New York 10169

Tullahoma Industries, LLC
c/o Richard Davenport, President
1727 Country Club Drive
Tullahoma, Tennessee 37388